**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BOLLING, MCCOOL AND TWIST,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

No. 95-3211

v.

RICHARD M. BURKE,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Cynthia D. Kinser, Magistrate Judge.
(CA-92-161-1)

Argued: July 9, 1996

Decided: August 2, 1996

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
SHEDD, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Andrew Eastridge, RICK J. BEARFIELD &
ASSOCIATES, Johnson City, Tennessee, for Appellant. Beth
Osborne Skinner, WOODWARD, MILES & FLANNAGAN, P.C.,
Bristol, Virginia, for Appellee. **ON BRIEF:** Rick J. Bearfield,
RICK J. BEARFIELD & ASSOCIATES, Johnson City, Tennessee,

for Appellant. Larry B. Kirksey, WOODWARD, MILES & FLAN-
NAGAN, P.C., Bristol, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Bolling, McCool & Twist, Inc. ("BMT"), appeals the
district court's grant of summary judgment in favor of appellee Burke
in BMT's suit against Burke for violation of a non-compete agree-
ment.

On February 1, 1989, Burke signed a two-year employment con-
tract with BMT, a company that engages in pharmaceutical and health
care consulting. The agreement included a non-compete clause that
reads in full:

> 11. <u>NO COMPETITION</u>. EMPLOYER and EMPLOY-
> EE agree that EMPLOYEE shall gain confidential informa-
> tion regarding the business and customers of EMPLOYER
> during the term of this contract. The parties agree that there
> is no way to effectively compensate EMPLOYER for any
> loss EMPLOYER may suffer if EMPLOYEE uses such
> information about the EMPLOYER and its business in com-
> petition against EMPLOYER. Therefore, the parties agree
> that following the termination of this contract for any rea-
> son, EMPLOYEE shall not, as an EMPLOYEE, officer,
> director, partner or shareholder of any entity, contact any of
> the customers of the EMPLOYER, for a period of two (2)
> years following the date of such termination of this contract.
> This prohibition shall only apply to pharmaceutical and/or
> health care consulting, deal structuring, and/or any other
> such activity that directly competes with the EMPLOYER'S
> business at the time of termination of this agreement.

2

J.A. at 256. Burke's employment with BMT ended on January 1, 1991, and he began work the next day for Promedica, a marketing research company. In the two years following Burke's departure from BMT, Burke had contact with four entities, which BMT alleges were customers of BMT. As a result of these contacts, BMT sued Burke for breach of the non-compete agreement.

The district court granted summary judgment to Burke. The court held, first, that the word "customer" in the contract plainly referenced only those entities that were customers of BMT at the time of Burke's employment, and did not include entities that only became BMT customers after Burke's departure. Since two of the four entities with which Burke had contact while at Promedica had only become BMT customers after the end of Burke's employment with BMT, the district court held that Burke's interaction with these entities did not violate the non-compete agreement. See J.A. at 264. The district court also held that, although "BMT would have the court read the prohibition against Burke contacting any customer of BMT . . . to mean that Burke cannot have contact with any BMT customer," the use of the word "contact" in the agreement as a verb rather than as a noun plainly foreclosed such an interpretation. J.A. at 263 (emphasis added). The court reasoned that the word "contact," when used as a verb and in the particular context of the agreement, required active conduct on Burke's part, that is, it only forbad Burke from initiating action that would bring him into contact with a BMT customer. See J.A. at 263-64. Because the district court found that all contact between Burke and the remaining two BMT customers was "the result of the assignment of duties by [Burke's] superiors at Promedica after a project was awarded to Promedica and not of his own initiation of communication with customers" it concluded that Burke had not violated any of the terms of his non-compete clause. J.A. at 266.

BMT argues on appeal, as it did before the district court, that the plain meaning of the non-compete agreement bars Burke from having any contact with BMT customers, regardless of which party initiates the contact. Having carefully considered the district court's opinion, the record, the briefs, and the parties' contentions at oral argument, we conclude that the district court correctly interpreted the plain language of the non-compete agreement only to forbid Burke from initiating contact with entities that were customers of BMT during the

3

time Burke was employed with the company, and therefore that the district court's judgment should be affirmed.

<u>AFFIRMED</u>

4